Brian H. Kim (State Bar No. 215492)
James P. Keenley (State Bar No. 253106)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| ALEX KUZNETSOV, | Case No.: 3:18-cv-794 |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | |

## INTRODUCTION

1. This case challenges Defendant MetLife Life Insurance Company's ("MetLife") denial of Plaintiff Alex Kuznetsov's claim for long-term disability ("LTD") benefits under the BlackRock, Inc. Long Term Disability Plan (the "Plan"). Plaintiff was and is disabled under the terms of the Plan and entitled to benefits under the Plan.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3.   Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

4.   This case should be assigned to the San Francisco / Oakland Division because Plaintiff resides within this division, the ERISA governed plan at issue was administered in part in this Division, Defendant may be found within this division and the relevant acts and omissions occurred within this Division.

## PARTIES

5.   At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.  At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored IVZ, Inc.

6.   At all relevant times, Defendant Metropolitan Life Insurance Company ("MetLife") was the claims administrator for long-term disability claims under the Plan, including Plaintiff's claim.  MetLife funded benefits due under the Plan through a group insurance policy (the "Policy") and therefore operates under a structural conflict of interest as defined by *Abatie v. Alta Health and Life Ins. Co*., 458 F.3d 466 (9th Cir. 2006)(en banc) and *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

## FACTS

7. At all relevant times the Plan offered, among other things, LTD benefits to employees of BlackRock, Inc., including Plaintiff, provided that an employee could establish that he was disabled, within the meaning of the Policy.

8. Under the Policy and California law a participant is eligible for LTD benefits after an elimination period if he is "disabled" which is defined as the inability to earn more than 80% of his "Predisability Earnings at Your Own Occupation from any employer in your Local Economy."

9. Plaintiff's usual occupation, as that term is used in the Policy, is as an Associate/Software Engineer.  August 2, 2016, while the Plan and the Policy were in full force and effect, Plaintiff became unable to perform the material duties of an Analyst—Desktop service due to, *inter alia*, co-morbid disabling medical conditions including but not limited to lower back pain and major depression.  Plaintiff has been and remains, and will be unable to perform with reasonable continuity in the usual and customary manner, the substantial and material duties of his own occupation as an Associate/Software Engineer and incapable of earning more than 80% of his Predisability Earnings from any employer in his local economy as defined by the Policy and California law.

10. On April 20, 2017, MetLife denied Plaintiff's LTD claim effective January 29, 2017, claiming that he did not meet the definition of Disability under the Plan.

11. Plaintiff submitted a timely appeal of MetLife's determination and provided MetLife with additional medical evidence in support of his claim for continued LTD benefits under the Plan.  Despite the additional evidence Plaintiff submitted with his appeal further establishing his Disability, MetLife denied Plaintiff's appeal on December 22, 2017.   Plaintiff has thus exhausted his pre-litigation remedies under the Plan with respect to his claim for LTD benefits.

12. MetLife's termination of Plaintiff's benefit is contrary to the terms of the Plan and the Policy and has no reliable evidentiary support.  MetLife's actions are also contrary to the reports and assessments of the doctors who have evaluated and treated Plaintiff.  MetLife's

determination was based on evidence that is neither reliable nor "substantial," and its determination denied Plaintiff due process of law. In adjudicating Plaintiff's claims, MetLife's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *MetLife Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008).

13. As a direct and proximate result of the aforementioned acts of MetLife, Plaintiff suffered damages in the form of unpaid long-term disability benefits, interest thereon, and attorney's fees and costs of suit.

## FIRST CLAIM FOR RELIEF
### [Claim for LTD Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]

14. Plaintiff incorporates Paragraphs 1 through 13 as though fully set forth herein.

15. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

16. At all relevant times, under the terms of the Plan and the Policy as set forth in the governing plan instruments, Plaintiff became and remains entitled to long-term disability benefits under the Plan and the Policy.

17. By terminating Plaintiff's claim for benefits, and by related acts and omissions, MetLife has violated, and continues to violate, the terms of the Plan and the Policy and Plaintiff's rights thereunder. MetLife's refusal to pay Plaintiff benefits violates the terms of the Plan and the Policy, and MetLife's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, MetLife failed and refused to honor the terms of the Plan and the Policy.

18. Furthermore, because MetLife's denials occurred after January 1, 2012, any discretionary authority conferred by the Policy on MetLife is null and void under after the California Insurance Code § 10110.6 and MetLife's decision must be decided under a de novo standard of review. *See, e.g., Polnicky v. Liberty Life Assur Co.*, 999 F.Supp.2d 1144, 1150 (N.D. Cal. 2013).

19. As a proximate result of MetLife's actions, Plaintiff has been deprived of his benefits to which he was and is entitled and has suffered damages as set forth above. Plaintiff further seeks a declaration as to his entitlement to future LTD benefits, as follows: an injunction prohibiting MetLife from terminating or reducing his LTD benefits until the end of the maximum benefit period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that MetLife violated the terms of the Plan and the Policy by denying Plaintiff's claim for benefits;

B. Order that MetLife pay Plaintiff's past benefits owed under the terms of the Plan and the Policy through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C. Declare Plaintiff's right to receive future benefits under the terms of the Plan and the Policy;

D. Issue an injunction requiring MetLife to issue monthly benefit payments until Plaintiff reaches the maximum benefit duration without subjecting Plaintiff to further claims procedures with respect to his claim for benefits under the Plan and the Policy;

E. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

F. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated: February 6, 2018         BOLT KEENLEY KIM LLP

By: /s/ *Brian H. Kim*
    Brian H. Kim
    Attorneys for Plaintiff